J-S24003-20
J-S24004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONSEAN JOHNSON | : | |
| | : | |
| Appellant | : | No. 3079 EDA 2019 |

Appeal from the PCRA Order Entered September 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1303639-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONSEAN JOHNSON | : | |
| | : | |
| Appellant | : | No. 3080 EDA 2019 |

Appeal from the PCRA Order Entered September 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1303640-2006

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 10, 2020**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Ronsean Johnson, appeals *pro se* from the post-conviction court's order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> By way of background, Appellant and his co-defendant[,] Darrien Deans[,] appeared before this [c]ourt and a jury in February of 2008, and were both convicted of two counts of first[-]degree murder and a single count of criminal conspiracy. A penalty hearing followed and the jury could not reach a unanimous decision on the penalty. On April 16, 2008, this [c]ourt sentenced Appellant to life imprisonment on both murder convictions, which sentences were directed to be served consecutively. Appellant also received a concurrent sentence of ten to twenty years' incarceration on the conspiracy charge.
>
> Briefly, the facts adduced at trial indicated that on October 2, 2006, Appellant and Deans approached William Hilton and Darnell DeLoatch in the 1700 block of South 55th Street in Philadelphia and shot both of them to death. The Commonwealth presented numerous witnesses who implicated Appellant in the crime.
>
> After being sentenced, Appellant filed a notice of appeal to the Superior Court, which on September 1, 2009, affirmed the judgment of sentence. [***Commonwealth v. Johnson***, 986 A.2d 1257 (Pa. Super. 2009) (unpublished memorandum)]. [Appellant] did not file a petition for allowance of appeal. Appellant did[,] however[,] file a petition pursuant to the …

---

[1] Appellant was charged in two cases that were consolidated for trial. He properly filed separate notices of appeal at each docket number. ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) ("[T]he proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal."). As Appellant raises identical issues in each case, we hereby consolidate his appeals *sua sponte*.

[PCRA], the filing of which culminated in the issuance of an order granting him the right to file a petition for allowance of appeal *nunc pro tunc*. Appellant thereafter filed said petition and[,] on November 8, 2012, the Pennsylvania Supreme Court denied the petition. [***Commonwealth v. Johnson***, 56 A.3d 396 (Pa. 2012)].

On June 21, 2013, Appellant filed a timely[,] *pro se* PCRA petition and counsel was appointed to represent him…. On September 11, 2017, appointed counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).[2] After carefully reviewing the record and counsel's no-merit letter[,] this [c]ourt determined that the issues Appellant set forth in his PCRA petition did not entitle him to relief and[,] on November 15, 2017, this [c]ourt sent [Appellant] a Pa.R.Crim.P. 907 notice of intention to dismiss [his petition without a hearing]. Appellant filed a [*pro se*] response to the notice on December 4, 2017….

Although this [c]ourt had not issued an order dismissing his PCRA petition, on January 31, 2018, Appellant filed *pro se* a notice of appeal. On May 18, 2018, the Superior Court quashed that appeal because Appellant failed to file a docketing statement.

On May 23, 2018, this [c]ourt issued an order dismissing Appellant's PCRA petition and grant[ing] appointed counsel's petition to withdraw. On June 4, 2018, Appellant filed a motion requesting that this [c]ourt rescind its order dismissing his PCRA petition because he did not have an opportunity to file a response to the 907 notice or the no-merit letter counsel filed. This [c]ourt, on June 18, 2018, issued an order rescinding the order of May 23, 2018, dismissing Appellant's PCRA petition[,] and grant[ed] Appellant the right to file a response to the [Rule] 907 notice by July 17, 2018. Instead of filing a response to the [Rule] 907 notice, on June 22, 2018, Appellant filed a notice of appeal.

On September 10, 2019, the Superior Court issued a judgment order quashing the appeal because it had not been taken from a final order. … [O]n September 17, 2019, this [c]ourt issued a final order disposing of Appellant's PCRA petition.

---

[2] The record indicates that this four-year delay was due to changes in Appellant's counsel, court scheduling issues, and continuance requests by defense counsel. We urge both counsel and the court to attempt to be more expeditious in handling future cases.

PCRA Court Opinion (PCO), 10/28/19, at 1-3 (footnote omitted).

Appellant timely filed *pro se* notices of appeal at each underlying docket number.  Herein, he raises the following three issues for our review:

> I. WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO FILE [A] PRETRIAL MOTION TO SEVER THE TRIALS OF [APPELLANT] AND HIS CO[-]DEFENDANT?
>
> II. WAS TRIAL COUNSEL INEFFECTIVE FOR (A) FAILING TO MOTION FOR AN IN DEPTH PRETRIAL COMPETENCY HEARING FOR CHILD WITNESS[, D.D.,] AND (B) FAILING TO SUBPOENA THE WITNESS['S] FATHER…?
>
> III. WERE BOTH TRIAL AND APPELATE [*sic*] COUNSEL CUMULATIVELY INEFFECTIVE FOR FAILING TO INVESTIGATE AND CLARIFY IN DISTINCTION WHO HAD THREATENED COMMONWEALTH WITNESS ELISSA CARTER?

Appellant's Brief at vii.

Preliminarily, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).  Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S. § 9543(a)(2)(ii).  "Counsel is presumed effective, and to rebut that presumption,

- 4 -

the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting **Commonwealth v. Collins**, … 957 A.2d 237, 244 ([Pa.] 2008) (citing **Strickland**, 466 U.S. at 694….)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

Here, in assessing Appellant's issues, we have reviewed the briefs of the parties, the certified record, and applicable case law. We have also examined the opinion of the Honorable Jeffrey P. Minehart of the Court of Common Pleas of Philadelphia County. We conclude that Judge Minehart's well-reasoned

decision adequately addresses the arguments presented by Appellant herein.[3]

We also observe that on direct appeal, this Court rejected claims similar to

those that Appellant raises in this appeal. *See Commonwealth v. Johnson*,

No. 1517 EDA 2008, unpublished memorandum at 3-4 (Pa. Super. filed Sept.

1, 2009) (concluding that Appellant was not prejudiced by the admission of

Deans' statement that he and "his bull" killed the victims because Appellant

was not identified in that statement or referred to as Deans' 'bull' at trial, and

_____

[3] We note that, in regard to Appellant's third issue, Judge Minehart refers to his reasoning in a prior opinion filed on August 8, 2008, during the pendency of Appellant's direct appeal. *See* PCO at 13 (citing Trial Court Opinion (TCO), 8/8/08, at 6-7). Therein, Judge Minehart stated:

> Under cross-examination by Deans' counsel, Carter testified that the people who had threatened her were sitting on ["the wrong side"] of the courtroom. [*See* N.T. Trial, 2/19/08, at 108.] This [c]ourt denied [Appellant's] motion for a mistrial, instead giving a cautionary instruction to the jury that there are no sides in a courtroom and that no inference can be made based on where someone in the audience is sitting. [*Id.*] at 121.[] Outside the presence of the jury, the prosecutor questioned Carter further about these individuals who allegedly were threatening her. Considering that the majority of Carter's testimony on this matter was done outside the presence of the jury, any prejudice that may have arisen from what the jury did hear was corrected by the court's instruction.

TCO at 6-7 (unnumbered).

Additionally, with respect to Appellant's argument that his trial counsel acted ineffectively by not "draw[ing] out the identity of who [] Carter was asked to name" by the people allegedly threatening her, we point out that counsel for Appellant's co-defendant asked Carter this question, and she replied: "They never went into detail about what to say. Just somebody else did it." N.T. Trial, 2/19/08, at 109. Thus, because Carter was questioned about whom she was asked to name, Appellant's counsel was not ineffective for not questioning her again on this same topic.

the court provided a cautionary instruction); *id.* at 5, 6 (rejecting Appellant's claim that a mistrial should have been granted when Carter testified that she had been threatened, as Carter "never claimed that [Appellant] or Deans had anything to do with the threats she received[,]" and the court had provided an "instruction to the jury [that] was sufficient to cure any prejudice"); *id.* at 6-7 (deeming meritless Appellant's argument that D.D. was incompetent to testify where "both the Commonwealth and [Appellant] questioned D.D. regarding his ability to testify[,"] and the record supported the trial court's determination that D.D. was competent). Accordingly, we adopt the PCRA court's opinion as our own, and affirm its order dismissing Appellant's petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/20